Freeman, J.,
delivered the opinion of the court:
This case is now before us on a motion to dismiss as to defendant, Maddox.
The facts are, the original bill was filed against Leather-man, as guardian, and Maddox, as surety on said bond, to recover an amount assumed to be due from the guardian "to his wards by reason of failure to perform the duties of his trust in accordance with the obligations of bis bond. A decree was rendered in favor of complainants against Leatherman, as principal, and Maddox, as security on said bond, from which both parties prayed an appeal to this court. Leatherman appeared in court and took the oath prescribed for poor persons, thereby perfecting the appeal as to him, but Maddox neither executed a bond, nor pauperized. He now insists, however, that the appeal perfected by his principal brings this case into this court for review as to himself, and asks that his case be heard on this state of facts. The case, Whitesides, adm’r., v. Hick *261 man and Ross, 2 Yer., 358 (Cooper’s edition), is cited as supporting this view. We think it fails to do so when its facts are seen. The sureties in that case were sureties on an appeal bond given in the progress of the cause when the case was taken from the county to the circuit court. The court held that when the principal appealed from the judgment of the circuit court, it took the case to this court as to the sureties on the bond, and judgment could and ought to be rendered against them on affirmance of the judgment, this court being bound to render such a judgment as the court below ought to have rendered. This was all proper, and well applies to all liabilities by sureties incidentally during the progress of the cause when the liability is conditioned upon a recovery of judgment or decree in that case against their principal. But it does not apply to the case before us, where the party surety is sued as an original defendant on a personal liability assumed to have been created by him directly to the complainant, which is said to be enforced against hinl.
In such case, he being originally sued as defendant, and his liability fixed by decree or judgment, has the option to appeal or let the decree or judgment remain in force against him. If he wishes the judgment or decree revived as to himself, he must do so on the same terms as other defendants, by giving bond as required by law, or taking the oath prescribed for poor persons, the latter being a personal privilege allowed parties, but not one that can be used by one party for the benefit of another in a case like the present. It is true, the liability in this case may depend on the question, whether the principal has been in default, and .that question must be ascertained in order to fix the responsibility of the surety, but this would have to be done in the sam§ way, if the surety had been sued alone, as might have been done. We therefore hold the case is not before us as to Maddox, the surety. The decree, however, having been rendered in 1811, Maddox can, if *262 be chooses, have a writ of error in his-favor on compliance with the requirements of the law in such cases.
The motion must be allowed.